UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
successor in interest by purchase from
the FDIC, as Receiver of
WASHINGTON MUTUAL BANK f/k/a
WASHINGTON MUTUAL BANK, FA
    Plaintiff

vs.

JERZY OLBRYS and ANNA B.
OLBRYS,
    Defendants

: CIVIL NO. 1:12-CV-0052

*M E M O R A N D U M*

*I.    Introduction*

We are considering an unopposed motion for summary judgment filed by Plaintiff, JPMorgan, National Association ("JPMorgan"). This matter involves the attempted foreclosure by Plaintiff of property owned and mortgaged by Defendants, Jerzy Olbrys and Anna Olbrys.

*II.    Background*

On October 29, 2003, Washington Mutual Bank[1] granted a loan to Defendants in the amount of $418,500.00 pursuant to a promissory note. To secure

---

[1] Washington Mutual Bank was formerly known as Washington Mutual Bank, FA.

payment under the note, Defendants executed a mortgage on property located at 44 Overlook Drive, Stroudsburg, PA 18360. The mortgage was recorded in the Office of the Recorder of Deeds of Monroe County on November 4, 2003.

Washington Mutual Bank was closed by the Office of Thrift Supervision. The Federal Deposit Insurance Corporation ("FDIC") was named receiver for Washington Mutual Bank on September 25, 2008. JPMorgan purchased the note at issue from the FDIC. Defendants subsequently defaulted on the loan by failing to make monthly payments. On April 19, 2010, Plaintiff sent Defendants a Notice of Homeowner Emergency Assistance pursuant to state law. On January 9, 2012, Plaintiff brought the present mortgage foreclosure action. On February 13, 2012, Defendants filed an answer.

On April 2, 2012, Plaintiff served Defendants with interrogatories, requests for the production of documents, and requests for admissions. Defendants failed to provide any response to these requests.[2] On April 12, 2013, Plaintiff moved for summary

---

[2] Plaintiff requested admission of the following facts:
   a. Defendants executed the note and mortgage on October 29, 2003 in the amount of $418,500.00;
   b. The note was secured by the mortgage covering the property located at 44 Overlook Drive, Stroudsburg, PA 18360; and
   c. Defendants failed to make the February 1, 2010 payment and subsequent payments, thereby defaulting under the mortgage.
   d. The charges delineated in the calculation of the total amount due are authorized by the mortgage.
   e. Defendants have not tendered monies sufficient to cure the delinquent account.
Because Defendants failed to respond to the request for admissions, these matters are deemed admitted. See Fed. R. Civ. P. 36(a)(3).

judgment. On May 13, 2013, we ordered any party opposing the summary judgment to file a response on or before May 31, 2013. Because Defendants did not file a response, we deem the motion unopposed. See L.R. 7.6.

III.     *Standard of Review*

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011).

IV.     *Discussion*

Plaintiff moves for summary judgment, asserting that Defendants have not made payments under the loan. "In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995).

3

"Summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits that he is delinquent in mortgage payments." First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 692 (Pa. Super. 1995).

Plaintiff has submitted the promissory note and the mortgage. Additionally, Plaintiff provided an affidavit of Robert Schoppe, Receiver in Charge for the FDIC, which outlines the purchase of the mortgage by Plaintiff. An affidavit of Kathryn Coffee-House, Vice President of JPMorgan, sets forth Defendants' default and the damages as of February 1, 2013.

We find that Plaintiff has provided sufficient evidence of an obligation secured by a mortgage, default, and damages. Defendants have not provided any evidence that creates a genuine issue of material fact which would preclude summary judgment.

V.  Conclusion

For the foregoing reasons, we will grant Plaintiff's motion for summary judgment. We will issue an appropriate order.

>/s/William W. Caldwell
> William W. Caldwell
> United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, successor in interest by purchase from the FDIC, as Receiver of WASHINGTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, FA<br><br>    Plaintiff<br><br>vs.<br><br>JERZY OLBRYS and ANNA B. OLBRYS,<br><br>    Defendants | : <br>: <br>: <br>: <br>: CIVIL NO. 1:12-CV-0052<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

*O R D E R*

AND NOW, this 3rd day of July, 2013, upon consideration of Plaintiff's motion for summary judgment (Doc. 15), and pursuant to the accompanying memorandum, it is ordered that:

    1. Plaintiff's motion for summary judgment is GRANTED.

    2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant.

    3. Judgment in Mortgage Foreclosure is entered in favor of Plaintiff JPMorgan Chase Bank, National Association, successor in interest by purchase from the FDIC, as Receiver of Washington Mutual Bank f/k/a

5

Washington Mutual Bank, FA, and against Defendants Jerzy Olbrys and Anna B. Olbrys, jointly and severally, in the amount of $552,320.90, and assessed as follows:

| | |
|---|---|
| Principal of Mortgage Debt Due and Unpaid | $426,353.16 |
| Interest (from 1/1/2010-1/31/13) | $ 84,293.58 |
| Escrow Advances | |
|     Escrow Deficiency/Real Estate Taxes 2012 | $ 13,412.02 |
|     Escrow Deficiency/Real Estate Taxes 2011 | $ 13,012.60 |
|     Previous Tax Years | $ 11,542.06 |
|     Hazard Insurance | $ 5,820.00 |
| (Credits) | $ (2,445.37) |
| Property Inspection | $ 332.85 |
| TOTAL: | $ 552,320.90 |

4. Interest and additional expenses are to be added to this judgment, and such interest will be calculated at the loan rate of $81.76 per diem each day from February 1, 2013 through the date of judgment and thereafter together with expenses allowable in accordance with the terms of the Mortgage and loan documents, plus costs.

5. Plaintiff may proceed to execute its judgment in mortgage foreclosure and list the property located at 44 Overlook Drive, Stroudsburg, PA 18360 for judicial sale.

6. The Clerk of Court shall close this case.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge